**STATE, ex rel. DALEY, Relator, v. PARMA (City) et, Respondents.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22557.   Decided August 18, 1952.

Paul H. Torbet, Cleveland, for relator.
Richard DeNobel, Cleveland, for respondents.

## OPINION

By SKEEL, PJ.:

This is an original action in this court wherein a writ of mandamus is prayed for against the Mayor, Auditor and Treasurer of the City of Parma, directing them to carry out (as set forth in the petition) the terms of an ordinance passed for the purpose of purchasing a fireproof building for a free public library and the purchase of additional land, the remodelling of said building and the constructing of an additional building for a free public library, and to issue bonds authorized by the city council in the sum of $225,000.00 and an anticipatory note in the amount of $55,000.00 to carry into execution the provisions of said ordinance.

The petition alleges that by the terms of the ordinance the council authorized that a contract be entered into between the City of Parma and the Cuyahoga County Library District whereby the Cuyahoga County Library District agreed to rent said buildings at a rental of $20,000.00 per year until the money expended by the city in acquiring and building said buildings for library purposes had been refunded in full and there-

after to pay as rent such amounts as would defray repair and maintenance costs.

The answer of the auditor and treasurer admits the passage of the ordinance, its purpose and terms as set forth in the petition and further alleges that the bond issue and note, not authorized by a vote of the people, was illegal, although it is admitted that if issued the bonded indebtedness of the city would not exceed the ten mill limitation as provided by law. The answer further alleges that to build the library building on the city's credit for the benefit of the Cuyahoga County Library District would be repugnant to **Sec. 2 of Art. XII of the Constitution of Ohio** as constituting a gift of its property and lending the credit of the city to the financial support of the Cuyahoga County Library District and further, that said ordinance is repugnant to **Sec. 6 of Art. XIII of the Constitution** in attempting to raise money by taxation levied against the citizens of Parma for the use and benefit of the Cuyahoga County Library District.

To the answer a demurrer has been filed, challenging the sufficiency of the respondents' defenses.

It has always been the purpose of the legislature of this state to make available to the people of Ohio free public library service. The statutes have provided in one way or another for the expending of tax money either to support such service rendered by a private library association or to provide that such service should be wholly supported by tax funds. Prior to the year 1947 almost every political subdivision was authorized to establish a free public library.

In 1947 the legislature repealed the laws authorizing the creation of public libraries by townships, municipal corporations and school boards and provided for the extension of the power of county library districts and providing that the county commissioners should be the taxing authority for county library districts when established.

The power to organize a county library district was first provided for in 1921 (Sec. 7643-1 GC). It was provided that upon petition of the citizens of a clearly defined district of the county, not including territory wherein free library service was then provided, by a vote of the people there could be established a county library district. In 1922 such a vote was had covering all of Cuyahoga County, except those school districts and municipal corporations in which free library service was then being furnished (Cleveland, East Cleveland, Cleveland Heights, Lakewood, and the Village of Bay and Westlake) and the Cuyahoga County Library District was formed and has since that time, to the present day, been furnishing

free public library service to the people of the district. The territory which is now known as the City of Parma is within the district and has been receiving free library service since 1922.

The first question to be decided is as to whether or not the City of Parma is authorized to acquire or construct a building to be used exclusively for housing free public library service to be furnished by the Cuyahoga County Library District.

Sec. 3939 GC which is found in Title VII, Division III, Chapter VI dealing with "Specific Powers" of Municipal corporations as amended effective 9/23/47 in part provides:

"Sec. 3939 GC: Additional Powers of Municipal Corporations:

"Each municipal corporation in addition to other powers conferred by law, shall have power;

"* * *

"(11) to construct free public libraries and reading rooms and free recreation centers."

This section was re-enacted by the legislature eighteen days after it had amended §3620 GC, whereby the power to establish a free public library was taken away from municipal corporations. It is argued that by reason of the facct that the legislature had taken the power to establish free public libraries away from municipal corporations that the power to construct a library building, as granted by §3939 GC, supra, must be limited to cases where municipal corporations had actually established a free public library and the same was in operation prior to September 4, 1947, the effective date of the act. But an examination of the statute discloses no such limitation. Furthermore, it is not to be assumed that the general assembly deliberately amended this section so as to make it impossible for municipalities to have library services and to deprive their inhabitants generally of library advantages except in the few municipalities where libraries were already in existence. The purpose of the legislation taken in conjunction with the simultaneous amendment of Sec. 7632 GC, it seems to us, was to offer further support to and not to weaken the authority of the county library district and to permit increase in library facilities in the county.

At the time §3620 GC was amended (122 O. L. 166 [178] Effective 9/4/47) Sec. 7632 GC was also amended to read as follows:

"Contract for library service; tax levy. The county commissioners of any county, the board of education of any school district, the council of any municipality, or the trustees of any township may contract with the library trustees of any public library appointed by authority of law, or with any private

corporation or library association maintaining a free public library, situated within or without said taxing district, to furnish library service to all the inhabitants of said taxing districts, and may levy a tax therefor. Such tax levying authority shall require an annual report in writing from such library board, private corporation or library association. Where such tax for library purposes has been so levied. at each semi-annual collection thereof, the county auditor shall certify the amount collected to the proper officer of the taxing district who shall forthwith draw his warrant for such amount on the treasurer of such district payable to the proper officer of such library."

From the foregoing sections it is made clearly to appear that the legislature was attempting to consolidate the management and operation of tax supported public libraries insofar as possible under a single governmental agency, without disturbing libraries then operating under existing laws. This conclusion is further supported by the provisions of §3711 GC amended by the Same Act above referred to, effective September 4, 1947. This section now provides:

"A municipal corporation may transfer, lease, or permit the use of, by ordinance duly passed, any property. real or personal, suitable for library purposes (to the board of trustees of any free public library or any library association) rendering free library service to the inhabitants of the municipality, upon such lawful terms and conditions as are agreed upon between the municipal corporation and the trustees of such library or library association."

A city having been authorized to construct a library building (although not authorized to commence a new library after the effective date of amended **Sec. 3620 GC**), must of necessity be granted the means of devoting such building to the public use for library purposes, for the benefit of its citizens.

A former statute of like import was held constitutional in the case of **Cleveland v. Library Board, 94 Oh St 311.**

The ordinance here under consideration is in complete accord and within the statutory authority conferred upon municipal corporations, in providing free library service for the people of the city and is a valid exercise of the power conferred upon them by law.

The power to issue bonds within the limitation prescribed by law without a vote of the people, is provided for by §2293-2 **GC.** The fact that other methods are available to finance the building of library facilities, does not in any sense lessen the legality of the method described in the pleadings.

The demurrer to the answer is therefore sustained. The

respondent not desiring to plead further, the court finds that the relator is entitled to a writ of mandamus as prayed for. A writ is therefore ordered. Exc. Order see Journal.

HURD, J, THOMPSON, J, concur.